IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMAL ALBERT JENKINS,

    Plaintiff,                    No. CIV S-05-358 LKK KJM P

    vs.

DEPUTY BARTLEY, et al.,

    Defendants.          <u>ORDER</u>

                        /

        Plaintiff is a county jail inmate proceeding pro se. He seeks relief under 42 U.S.C. § 1983 and has requested authority under 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 under 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $1.22 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be

1 forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
2 account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

3         The court is required to screen complaints brought by prisoners seeking relief
4 against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
5 § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
6 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
7 granted, or that seek monetary relief from a defendant who is immune from such relief. 28
8 U.S.C. § 1915A(b)(1),(2).

9         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
11 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
12 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
13 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
14 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15 Cir. 1989); Franklin, 745 F.2d at 1227.

16         A complaint, or portion thereof, should only be dismissed for failure to state a
17 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
18 of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King &
19 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also
20 Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing
21 a complaint under this standard, the court must accept as true the allegations of the complaint in
22 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
23 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
24 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
25 /////
26

I. <u>Denial Of Access To Law Library</u>

Plaintiff alleges that defendant Riley, the law librarian at Sacramento County Jail, ignored his requests to use the library between February and June, 2004. As a result, he was unable to file "certain claim forms" in a timely fashion. In addition, because he was unable to read law books, he "suffered avoidable damage" at his preliminary hearing. Complaint (Compl.) at 5-6.

There is no freestanding constitutional right to law library access for prisoners. <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 350-51 (1996). Instead, law library access serves as one means of ensuring the constitutional right of access to the courts. <u>See</u> <u>id.</u> at 351. A prisoner claiming that his right of access to the courts has been violated due to inadequate library access must show that: 1) access was so limited as to be unreasonable, and 2) the inadequate access caused actual injury. <u>Vandelft v. Moses</u>, 31 F.3d 794, 797 (9th Cir. 1994). A prisoner cannot make conclusory declarations of injury, but instead must demonstrate that a non-frivolous legal claim has been frustrated or impeded. <u>See</u> <u>Lewis</u>, 518 U.S. at 353. Plaintiff has not described the claim that purportedly was frustrated by his limited access to the library and so has not demonstrated he was denied access to the courts.

In addition, an inmate representing himself in criminal proceedings may be entitled to special law library privileges. <u>See</u> <u>Milton v. Morris</u>, 767 F.2d 1443, 1446 (9th Cir. 1985). Plaintiff has not alleged that he is representing himself at trial, only that he was unable to consult law books. This does not state a claim under the civil rights act.

Plaintiff will be given the opportunity to amend this portion of his complaint, if he is able to do so while complying fully with Federal Rule of Civil Procedure 11 (Rule 11).

II. <u>Tampering With Mail</u>

Plaintiff alleges he prepared a pleading that outlined police misconduct in his case and placed it in an envelope to be mailed to his mother for typing. Deputy Bartley sealed the envelope and was the last person who had access to it. When plaintiff's mother received the

3

envelope, it contained only two of the sixteen pages plaintiff had prepared.  Compl. at 6.

In addition, plaintiff alleges to have suffered "continuous episodes of mail theft and tampering with the mail," which he attributes to the County's failure to train its deputies.  Compl. at 7.

Interference with mail may state a cognizable claim in a civil rights action.  Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995).  In this case, however, the allegations of "episodes of theft and tampering" are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts in which defendants engaged that support plaintiff's claim.  Id.

In addition, plaintiff appears to hold defendant Bartley responsible for the disappearance of his brief about police misconduct, but alleges only that Bartley was responsible for processing the mail.  This is not sufficient to link defendant Bartley to any theft of mail.

Plaintiff may include an amended mail tampering claim in an amended complaint, subject to Rule 11.

III.  False Police Report

In conclusory fashion, plaintiff alleges that defendant Warren provided false testimony and filed a police report with false statements and defamatory language.

In Briscoe v. LaHue, 460 U.S. 325, 334 (1983), the Supreme Court held police officers were absolutely immune from suit under the civil rights act for perjury and false testimony.  Moreover, any defamatory material in a police report does not implicate plaintiff's constitutional rights.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975).  Accordingly, this claim should not be included in an amended complaint.

IV. <u>Standards For An Amended Complaint</u>

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $ 1.22. All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff filed concurrently herewith.

/////

/////

/////

5

1    3. The complaint is dismissed for the reasons discussed above, with leave to file
2 an amended complaint within thirty days from the date of service of this order.  Failure to file an
3 amended complaint will result in a recommendation that the action be dismissed.
4 DATED: December 29, 2005.

```
                                        _____
                                        UNITED STATES MAGISTRATE JUDGE
```

2
jenk0358.dlta