IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMAL A. JENKINS,

        Plaintiff,                     No. CIV S-05-0358 LKK KJM P

   vs.

BARTLEY, et al.,

        Defendants.        ORDER

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action. On August 20, 2007, he asked the clerk's office to provide him with a form for a subpoena duces tecum.

        Under Fed. R. Civ. P. 45 (a)(2)(C), a subpoena may direct a non-party to an action to produce documents or other tangible objects for inspection. However, a party's ability to use a subpoena duces tecum is circumscribed by the relevance standards of Fed. R. Civ. P. 26(b)(1), Transcor, Inc. v. Furney Charters, Inc., 212 F.R.D. 588, 591 (D. Kan. 2003), and by the court's duty to ensure that a subpoena does not impose undue burden or expense on a person subject to that subpoena. United States v. Columbia Broadcasting System, Inc., 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party); Cantaline v. Raymark Industries, Inc., 103 F.R.D. 447, 450 (S.D. Fla. 1984) (same); Fed. R. Civ. P. 45 (c)(1).

1

One court has found it appropriate to require an indigent plaintiff to "demonstrate that he has made provision for the costs of such discovery" before it would direct the Clerk to provide him with the forms for subpoenas duces tecum. <u>Badman v. Stark</u>, 139 F.R.D. 601, 605 (M.D. Pa. 1991).

Because plaintiff has not explained what he seeks to obtain through the use of the subpoena duces tecum, the court cannot evaluate whether the requests would be relevant or burdensome.

On September 21, 2007, plaintiff filed a motion for sanctions, suggesting that the defendants and "their law enforcement associates" will "utilize this civil rights litigation as a forum for continued oppression . . . ." The basis for the motion is difficult to discern, based as it is on some species of numerology known only to plaintiff. It provides no basis for the imposition of sanctions.

IT IS HEREBY ORDERED that:

1. Plaintiff's August 20, 2007 request for a subpoena duces tecum is denied without prejudice; and

2. Plaintiff's September 21, 2007 motion for the imposition of sanctions is denied.

DATED: October 9, 2007.

_____
U.S. MAGISTRATE JUDGE

2/jenk0358.mot