1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMAL ALBERT JENKINS,

11              Plaintiff,                    No. CIV S-05-0358 LKK KJM P

12        vs.

13   BARTLEY, et al.,

14              Defendants.              <u>ORDER</u>

15   _____/

16        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under

17   42 U.S.C. § 1983.  In his amended complaint, he alleges violation of his right of access to the

18   courts.  He has filed a motion to compel discovery, a request for an extension of time in which to

19   oppose summary judgment, and a request for the issuance of a subpoena duces tecum.

20   Defendants have opposed each of these requests.

21   I.  <u>Motion To Compel</u>

22        On January 7, 2008,[1] plaintiff filed a motion to compel discovery, seeking an

23   order directing the defendants to respond to his interrogatories.  According to the court's

24   _____

25        [1] The certificate of service is dated January 3, 2008 which is the date the document is
     deemed filed under the prison mail box rule.  <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).
26   Nevertheless, even using this date, the motion is not timely.

1

1  scheduling order of July 25, 2007, any motions to compel discovery were due no later than

2  November 9, 2007.  The instant motion is untimely.

3  II.  Request For A Subpoena Duces Tecum

4          Plaintiff requests that the court order the issuance of a subpoena duces tecum to

5  the Sacramento County Jail for five categories of documents: (1) a copy of his in-jail travel log,

6  showing his movement in the jail; (2) a copy of the law library access log book for inmates in

7  protective custody and the names of inmates in protective custody who were allowed access to

8  the law library; (3) a copy of the jail handbook; (4) copies of all grievances and complaints about

9  Deputy Riley in her tenure as law library deputy; and (5) copies of all grievances and complaints

10  against Deputy Bartley.

11          Defendants oppose the request on grounds that the motion, filed on November 13,

12  2007, is late.  The certificate of service shows that the motion was given to prison authorities for

13  mailing on November 8, 2007.  Under Houston v. Lack, 487 U.S. at 276, the request is timely.

14          Under Federal Rule of Civil Procedure 45(a)(2)(C), a subpoena may direct a

15  non-party to an action to produce documents or other tangible objects for inspection.   Moreover,

16  the U.S. Marshal's obligation to serve process for indigents includes the duty to serve subpoenas

17  duces tecum.  See 28 U.S.C. §§ 566(c), 1915(d).  However, a party's ability to use a subpoena

18  duces tecum is circumscribed by the relevance standards of Federal Rule of Civil Procedure

19  26(b)(1), Transcor, Inc. v. Furney Charters, Inc., 212 F.R.D. 588, 591 (D. Kan. 2003), and by the

20  court's duty to ensure that a subpoena does not impose "undue burden or expense on a person

21  subject to that subpoena."  United States v. Columbia Broadcasting System, Inc., 666 F.2d 364

22  (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party); Cantaline v.

23  Raymark Industries, Inc., 103 F.R.D. 447, 450 (S.D. Fla. 1984) (same); Fed. R. Civ. P. 45(c)(1).

24          The court finds plaintiff's requests one, two and three are relevant to the

25  allegations of the complaint.

26  /////

III.  Request For An Extension Of Time

Plaintiff has requested an extension of time in which to file his opposition to defendants' motion for summary judgment.  Defendants have opposed the motion.

Plaintiff alleges that he received only the notice of electronic filing of the motion rather than the motion itself from defendants and attaches a copy of the envelope mailed from defendants' counsel on December 17, 2007, the day the motion for summary judgment was filed. The amount of postage on the envelope suggests that the motion was mailed, but the envelope itself is stamped "opened in error" by someone in the mailroom at Salinas Valley State Prison, which in turn suggests that the motion may not have reached plaintiff.  The court will grant plaintiff's motion for additional time and direct counsel for defendant to serve another copy of the motion for summary judgment on plaintiff.

IV.  Other Matters

In light of the pending motion for summary judgment, the court will vacate the dates for filing pretrial statement, pretrial conference, trial confirmation hearing and trial as set in the scheduling order of July 25, 2007, to be reset if necessary following resolution of the motion.

IT IS HEREBY ORDERED:

1.  Plaintiff's January 7, 2008 motion to compel (docket no. 46) is denied;

2.  Plaintiff's November 13, 2007 request for a subpoena duces tecum (docket no. 36) is granted insofar as plaintiff seeks his travel log, the law library access log book and the jail handbook but denied in all other respects;

3.    The Clerk of the Court is directed to send plaintiff a blank form for a civil subpoena duces tecum; within thirty days of the date of this order, plaintiff should return the form properly filled out so that the court may forward it to the Marshal;

/////

/////

1         4.  Plaintiff's January 11, 2008 request for an extension of time (docket no. 50) is

2  granted and plaintiff is granted an additional thirty days from the date of this order in which to

3  file his opposition to the motion for summary judgment;

4         5.  Counsel for defendants is directed to serve another copy of the motion for

5  summary judgment on plaintiff; and

6         6.  The dates for filing pretrial statements, pretrial conference, trial confirmation

7  hearing and trial are vacated.

8  DATED:  February 22, 2008.

9

                       U.S. MAGISTRATE JUDGE

10

11  2

12  jenk0358.mtc